**E-Filed 3/7/07**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>SILICON VALLEY TELECOM AND INTERNET EXCHANGE LLC,<br><br>                Debtor. | Case Number C 06-2566 JF<br><br>ORDER[1] DISMISSING APPEAL FOR FAILURE TO PROSECUTE |

      Creditor Corporate Builders, Inc. ("Corporate") filed a notice of appeal in this bankruptcy action on April 12, 2006.  However, Corporate failed to timely file a statement of issues on appeal or an opening brief, and failed to appear for a status conference on July 7, 2006.  On July 24, 2006, the Court issued an order to show cause why the action should not be dismissed with prejudice for failure to prosecute, setting a show cause hearing for August 18, 2006.  On August 17, 2006, counsel for Corporate, David Tilem, contacted the Court and represented that he had not received notice of the prior hearing on July 7, 2006.  Mr. Tilem appeared telephonically at the August 18 hearing.  the court set the matter for a further show cause hearing on October 6, 2006.  Mr. Tilem subsequently moved to withdraw as counsel of record for Corporate, which motion

---

    [1] This disposition is not designated for publication and may not be cited.

was granted on the record at the hearing on October 6, 2006.

The Court set a further show cause hearing for November 17, 2006, at which Corporate was represented by new counsel, Brian Jacobs. The Court set a status conference for December 1, 2006. At the December 1 hearing, at which Mr. Jacobs appeared, the Court set a briefing schedule requiring Corporate to file its statement of issues by December 11, 2006 and its opening brief on appeal by January 10, 2007. Mr. Jacobs filed a statement of issues on December 15, 2006, at which time he also filed his notice of appearance as Corporate's counsel of record. However, Corporate failed to file its opening brief by January 10 as directed by the Court. Corporate still has not filed its opening brief, nor has it filed a request for extension of time to do so.

The Court has made every effort to accommodate Corporate in this action. However, almost one year after filing its notice of appeal, and two months after the time provided by the Court to do so, Corporate still has not filed its opening brief on appeal. The Court therefore concludes that it must consider whether to dismiss the appeal with prejudice for failure to prosecute. *See* Fed.R.Civ.P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (9th Cir. 1992) (failure to comply with court orders).

These factors favor dismissal in the present case. Corporate's inaction is contrary to the public's interest in expeditious resolution of this litigation and hinders the Court's ability to manage its docket. Prejudice to the Debtor may be presumed from Corporate's unreasonable

2

1  delay in filing its opening brief.  The Court vacated a prior order to show cause why the case
2  should not be dismissed for failure to prosecute, continued the case management conferences in
3  this matter numerous times, and set a generous briefing schedule, all in an effort to accommodate
4  Corporate.  Corporate nonetheless has failed to meet this briefing schedule and has fail to provide
5  any explanation for its failure.  Under these circumstances, the public policy favoring resolution
6  of disputes on their merits does not outweigh Corporate's failure to prosecute this appeal.

**ORDER**

The instant appeal is DISMISSED WITH PREJUDICE for failure to prosecute.

DATED:  3/7/07

_____
JEREMY FOGEL
United States District Judge

Case No. C 06-2566 JF
ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE
(JFLC2)

1  Copies of this Order were served on:

3  Brian Joseph Jacobs[2]
467 South Arnaz Drive, Suite 319A
4  Los Angeles, CA 90048

5  Marc L. Pinckney    mpinckney@campeaulaw.com

6  Nanette Dumas
Office of the U.S. Trustee
7  280 S 1st St. #268
San Jose, CA 95113-0002

9  Daniel J. Mash
Mash & Bahrick
1048 Lincoln Avenue
10 San Jose, CA 95125

---

[2] Although Mr. Jacobs' email address appears on the Court's docket, his email address does not appear on the service list automatically generated by the Court's Electronic Case Filing System.  The Court is serving Mr. Jacobs with a hard copy of this Order, and advises him to inquire with the Court's Electronic Case Filing help desk why his email address does not appear on the Court's service list.

4

Case No. C 06-2566 JF
ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE
(JFLC2)